**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SEAN FIGARO, JR., | |
| Plaintiff, | Civil Action No. 22-5385 (MAS) (RLS) |
| v. | **OPINION** |
| RENEE MARIE BUMB, *et al.*, | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff Sean Figaro, Jr.'s civil complaint (ECF No. 1) and *in forma pauperis* application (ECF No. 3) in this prisoner civil rights matter. The Court has reviewed the application and finds that leave to proceed without prepayment of fees is authorized. Plaintiff's IFP application is therefore granted. The Court is next required to screen Plaintiff's complaint[1] pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, the Court dismisses Plaintiff's complaint in its entirety.

---

[1] Plaintiff names a judge of this District as a Defendant. The case, therefore, was assigned to this Court pursuant to the Court's January 13, 1994, standing order, which requires that, in all cases where a judge of this District is named as a party, the matter shall be assigned to a judge sitting in a different vicinage than the one in which the named judge sits. Pursuant to the standing order, this Court need not recuse if the assigned judge determines the matter to be patently frivolous or if judicial immunity is plainly applicable. The Court must reassign the matter for transfer outside of this District in the event the matter is neither frivolous nor subject to immunity. Because Judge Bumb is clearly immune from any claim Plaintiff may have in this matter, this Court need not recuse under the standing order and may dismiss this matter at screening.

I.  **BACKGROUND**

Plaintiff is a convicted federal prisoner. (ECF No. 1 at 3-4.) In his current complaint, he seeks to raise civil rights claims against Judge Bumb, who oversaw his criminal proceedings, and two Assistant United States Attorneys, Kristen M. Harberg and Diana V. Carrig, who were involved in his prosecution. (*Id.*) Plaintiff's claims arise directly out of his criminal sentencing, during which he contends Judge Bumb "denied" him the opportunity to "correct or speak on" his pre-sentence report before accepting that report for the purposes of sentencing. (*Id.* at 5-6.) Because he was not permitted to correct the report, Plaintiff contends that his sentencing by Judge Bumb amounts to a form of human trafficking. (*Id.*) Plaintiff thus seeks to use this matter to collaterally attack his sentence.[2]

II. **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen the complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips*

---

[2] This is not Plaintiff's first attempt to use a civil rights complaint to interfere in his criminal proceedings before Judge Bumb. As Plaintiff himself recognizes by attaching it to his complaint, he previously filed a civil rights complaint against Judge Bumb while his criminal proceedings were pending, which was dismissed by Judge Wigenton in July 2021. (*See* ECF No. 1-1 at 1-4.)

*v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.    DISCUSSION

In his current complaint, Plaintiff seeks to raise civil rights claims against a federal judge and two prosecutors for events that occurred during his criminal sentencing, which he believes renders his imprisonment a form of illegal human trafficking. Turning first to Judge Bumb, it is abundantly clear that a judge is absolutely immune from suit for actions taken in her judicial capacity save for when the judge acts in the "clear absence of all jurisdiction." *See, e.g.*, *Kwasnik v. Leblon*, 228 F. App'x 238, 243 (3d Cir. 2007); *see also Mireles v. Waco*, 502 U.S. 9, 12 (1991).

Here, Plaintiff seeks to raise claims related to his criminal sentencing and Judge Bumb's decision to accept Plaintiff's PSR during that sentencing. As it is perfectly clear that Judge Bumb had jurisdiction to conduct Plaintiff's sentencing, and as the sentencing judge it was in her discretion to accept the PSR as written, she is clearly immune from suit for the claims Plaintiff seeks to raise. Plaintiff's claims against Judge Bumb are therefore dismissed with prejudice.

Plaintiff does not clearly delineate the claims he seeks to raise against the two prosecutors. It appears, however, that Plaintiff's claim against them is identical to his claim against Judge Bumb—that they used his PSR against Plaintiff without his consent, rendering his criminal sentence illegal. Prosecutors, however, are immune from suit in federal civil rights matters for actions taken in connection with their role in initiating and pursuing criminal prosecutions. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also LeBlanc v. Stedman*, 483 F. App'x 666, 669 (3d Cir. 2012). The alleged acts in this matter are related to the criminal prosecution and, consequently, the prosecutors are clearly entitled to absolute immunity in this matter. Plaintiff's claims against them are therefore also dismissed with prejudice. The Court dismisses Plaintiff's complaint with prejudice in its entirety as all named Defendants are entitled to absolute immunity in this matter.[3]

---

[3] Although the Court need not reach the issue as all named Defendants are entitled to absolute immunity, the Court notes that Plaintiff's claims in this matter are essentially a form of collateral attack on Plaintiff's sentence and resulting imprisonment. A civil rights matter, however, may not be used for such an attack either directly or as a means to gain pecuniary damages resulting from allegedly improper imprisonment. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (§ 1983 may not be used to challenge "the fact or duration of [criminal] confinement"); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) ("a . . . prisoner's [civil rights] action is barred (absent prior invalidation [of his period of detention]) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal [disciplinary] proceedings) – *if* success in that action would necessarily demonstrate the invalidity of the confinement or its duration"). Had Defendants not been immune, Plaintiff's suit would still be barred unless and until Plaintiff has his conviction or sentence overturned either on direct appeal or through a proper collateral attack in a motion to vacate sentence brought pursuant to 28 U.S.C. § 2255. *Wilkinson*, 544 U.S. at 78-82.

## IV. CONCLUSION

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 3) is **GRANTED**, and his complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** in its entirety. An order consistent with this Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

5